Kyle, J.
The plaintiff in this case brings this action against the city of Newark in substance on the ground that the rate for gas, *188 with, the discount of 18 cents per thousand cubic feet did not yield a reasonable income and was confiscatory, and seeks to have appropriated a fund of approximately $29,000 in the hands of a receiver appointed in a former case in this court between the parties hereto.
The defendants for their first defense aver that a former case, No. 160)00, commenced in the common pleas court of Licking county, Ohio, finally determined the issues in this ease.
For a second defense they aver that the said ease in which said receiver was appointed, which was carried to the Court of Appeals, affirmed by the Supreme Court and finally by the Supreme Court of the United States, directed a distribution of said fund by the receiver, and that, therefore, this court in this ease is without jurisdiction to direct such receiver in this case as to any distribution of the funds contrary to the decree and' final order in the former case.
For a third defense they aver that the plaintiff is guilty of laches by its delay in not bringing this suit until after the time has fully elapsed' in which it is claimed that the rate was not sufficient.
For a fourth defense they aver that the Newark Natural Gas & Fuel Company and the Logan Natural Gas & Fuel Company in an action by the city against said companies were found to be one and the same company, and that by the acceptance of said franchise by said companies they are bound to carry out its terms.
The Newark company was a distributing company, and the Logan company a carrying and supplying company. The Logan company charged the Newark company 16 cents for the delivery of the gas at the corporate limits of the city, which left a margin of 2 cents of the 18 cent rate to the Newark company, and the evidence shows that during that period the Newark company lost $11,791, taking into account the value of its distribution system and expenses.
All the stock of the Logan company, except five shares which are held by five persons, nominally directors, is held by the Union Gas Company of Pittsburg; and all the stock of the New *189 ark company, except five shares held by five persons as directors, is held by the Union Gas Company of Pittsburg. The five directors of the Logan and Newark companies are the same, with the exception of one person. No dividends are declared upon the stock of either the Newark or Logan company. No money ever passes between the two companies. The accounts are carried upon the books of the Union Gas Company. A charge is made as against one company at the rate of 16 cents for furnishing the gas and two cents per thousand for the company distributing the gas.
The former case in the court of appeals in which the court perpetually enjoined the Newark company from collecting any further sum than the rates fixed by the ordinance, further provided:
‘ ‘ This finding and decree of the court is made, however, without prejudice to the right of the defendant company at any time to apply to a court of competent jurisdiction to modify said finding, if at any time it' should appear that said rate of 18 cents net does not render an adequate return to said defendant company. ’ ’
It is of no consequence in that case what the decree was in the court of common pleas, as it was superseded by the decree in the court of appeals. The decree of the court of appeals was affirmed by the Supreme Court of Ohio, and the Supreme Court of the United States, and this suit is brought under the provisions of that decree seeking to modify said finding, and the question presented is: Has the court of common pleas jurisdiction to modify the finding and decree of the court of appeals?
The provision of the decree was that the defendant company might apply to a court “of competent jurisdiction to modify said finding.” If the decree of the court of appeals must be modified before the plaintiff can have its remedy, which it seeks in this ease, it seems to me that such remedy should have been sought in the court of appeals in that case wherein an application could have been made to reinstate the case and have the court modify its former decree.
*190 The language of the decree is that it must he “a court of competent jurisdiction” to modify a finding of the court of appeals. If it had been intended that a new action could have been brought in the common pleas court, the entry would not have made the provision which it did. Therefore, I am of the opinion that the court of common pleas is without jurisdiction and is not a court of competent jurisdiction to modify the decree of the court of appeals.
In case No. 17422, decided by Pudge Jewell, referring to the Newark and Logan Gas Companies, he held that—
“They are, in fact, one corporation doing business under separate names. All profits go to the Union Gas Corporation. # * * The fact that both companies were taken over and merged into one, viz.: the Union Gas Corporation, some years thereafter can not relieve the Logan Natural Gas & Fuel Company from its responsibility.”
The court, I think, should look through all forms in which business is done and deal with the real parties in interest. In substance and in fact the Newark and Logan Gas Companies have no existence, but are simply a method and form through and by which the Union Gas Company does its business. I think in this case the court should disregard the fiction of the corporate names of the Newark and Logan Gas Companies and consider the interests and rights of the Union Gas Company, which is the only and real party in interest. AVhile nominally the Union Gas Company is not a party defendant, yet its interests may be dealt with and considered in this case through the Newark Gas Company.
It might be true and is true under the evidence that upon a basis of two cents per thousand feet to the distributing company there was a loss of more than $11,000, which was a loss suffered by the Union Gas Company, but it does not anywhere appear how much the Union Gas Company may have profited by its rate of 16 cents per thousand which it received through thé Logan company, so the court could not find that the Union Gas Company, the real party in interest, was suffering a loss *191 in furnishing the city of Newark with gas, for it would be necessary in order to determine that question to find out and show how much it cost to produce and deliver the gas at the city limits.
Therefore, it is my opinion that if the court had jurisdiction that the plaintiffs have failed to make out a case to entitle them to relief in a court of equity.
As to whether or not the court could afford relief, if the court had found in favor of the plaintiff company, to subrogate and appropriate the fund now in the hands of the receiver is not necessarily determinative of the case, for if the plaintiff had established his right to relief the method of obtaining it would be for the court which had so found, and that question would arise after the court had found in favor of the plaintiff company.
The period for which plaintiff seeks recovery under the rate of 18 cents was from August 1st, 1915, to March 1st, 1916. It is claimed by the defendants that the plaintiff is guilty of laches for the reason that this suit was commenced some time after March 1st, 1916, to-wit: July 13th, 1917.
No doubt the plaintiff relied upon its right to recover in view of the 6th syllabus of the case of Gas Company v. Newark, 92 Ohio State, page 394, where the court says:
“Where it is not clearly shown that a fixed rate for gas will be confiscatory, the company will be required to abide the test of actual experience under such rate, and, when certainty rather than prophecy may be obtained, present its case upon actual facts and conditions as may be then shown to exist. ’ ’
It does seem strange that the Newark company should not have discovered the loss it was sustaining in distributing the gas upon this alleged two per cent, margin until so long after the termination of the alleged period over which they seek relief. While it would seem that a case of laches had almost been established, yet giving the decision of the supreme court the widest latitude I would be inclined to think the company might have a remedy if they had, in fact, established a cause of action.
*192 As to the fourth defense, if the company had its lines in the city it could do nothing else than to deliver gas upon the rate fixed by council and the acceptance of the franchise would not bar them from bringing an action to show that it was, in fact, confiscatory.
Therefore, my conclusion rests upon two grounds,
■ First: That this court has not jurisdiction to modify the decree and finding of the court of appeals, and,
Second: That the plaintiff has not established that the rate of 18 cents was confiscatory without dividing it up into parts.
And, therefore, a finding may be so made.

 Appeal dismissed by the Court of Appeals, see 30 O. C. A.,-.